FILED
 2015 May-15  PM 02:44
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SUMMER RUSSO, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 5:14-cv-02302-CLS |
| PAYROLL SERVICES, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion to dismiss filed by defendant, Payroll Services, LLC.[1]  Defendant seeks dismissal of Count III of plaintiff's complaint, "Post-Employment Retaliation in Violation of Title VII," pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  Upon consideration of the pleadings and briefs, this court concludes that the motion should be denied.

### I.  LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a claim for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that

---

[1] Doc. no. 8 (Motion to Dismiss).

[2] *See* doc. no. 1 (Complaint), at 11.

pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*.  *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

> *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678–79 (alterations in citations and emphasis supplied).

## II.  DISCUSSION

In her complaint, plaintiff alleges the following facts in support of her post-employment retaliation claim:

> After Plaintiff received her notice of right-to-sue from the EEOC [Equal Employment Opportunity Commission], she began receiving harassing texts, e-mails[,] and Facebook messages from Defendant's Assistant Manager, Amanda Martin, stating things like "did you actually think you would win?" and "good girls get married and bad girls get what you got."  Additionally, Amanda Martin began making false statements about Plaintiff to several of their mutual acquaintances, including telling others Plaintiff was under an ongoing investigation by [the Department of Human Services] and was going to have her children taken away from her[,] and that they should not let their children play with Plaintiff's children[.  Amanda Martin told] others that Plaintiff worked [for defendant] only to try and make money from [defendant]

and to take over the business.

Doc. no. 1 (Complaint) ¶ 38 (alterations supplied).

Defendant contends that those allegations "are too vague and conclusory to meet the *Twombly/Iqbal* pleading standards."[3]  Specifically, defendant contends that plaintiff failed to plead "when the alleged statements were made, the substance of the alleged statements, or with respect to statements made to third parties, to whom the statements were made."[4]  Defendant further contends that plaintiff "pleads no facts that show any causal connection between the alleged negative statements and the Plaintiff's EEOC" charge.[5]

This court concludes that plaintiff has pleaded facts that plausibly could support her post-employment retaliation claim.  Defendant's contention that plaintiff must allege the exact dates of the communications at issue, as well as the identities of the third-party recipients of such communications, in order to meet the standards set forth in *Twombly* and *Iqbal*, is without merit.  Plaintiff has pleaded sufficient facts in support of her post-employment retaliation claim that, taken as true, could entitle her to relief.

Defendant next contends that plaintiff's post-employment retaliation claim

---

[3] Doc. no. 8 (Motion to Dismiss) ¶ 5.
[4] *Id.*
[5] *Id.*

should be dismissed because plaintiff failed to exhaust her administrative remedies with regard to that claim.[6] According to plaintiff's complaint, the facts supporting her post-employment retaliation claim arose *after* the EEOC already had dismissed her charge of discrimination.[7] Plaintiff has not alleged that she filed a new charge of discrimination regarding the alleged post-employment retaliation.

Ordinarily, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) (internal quotation marks omitted, alteration supplied), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*). Even so, this Circuit has carved out an exception to that rule for retaliation claims. As the former Fifth Circuit held in *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. Unit A Aug. 1981), "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court."[8] *Id.* at 414; *see also Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (same). The

---

[6] *Id.* ¶ 6.

[7] Doc. no. 1 (Complaint) ¶ 54.

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

court in *Gupta* explained:

> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case — a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.

*Gupta*, 654 F.2d 414.

Plaintiff alleges that her post-employment retaliation claim grew out of her earlier EEOC charge.[9] Further, defendant has failed to show that the earlier EEOC charge is not properly before this court. Thus, this court finds that it has ancillary jurisdiction over Count III of plaintiff's complaint, and that, accordingly, defendant's motion to dismiss is due to be denied.

Before closing this opinion, the court pauses to note that none of the principles discussed above are new law, as evidenced by the age of the *Gupta* opinion cited above. They should have been well-known to reasonably competent counsel. Consequently, defendant's attorney is placed on notice that this court will not tolerate meritless pleadings. Sanctions will be imposed liberally if similar pleadings should be filed in the future.

### III.  CONCLUSION AND ORDER

---

[9] Doc. no. 1 (Complaint) ¶ 56 ("Such communications and statements were made because of Plaintiff's protected activity in filing an EEOC charge for discrimination and retaliation.").

Accordingly, it is ORDERED that defendant's motion to dismiss be, and the same hereby is, DENIED.

**DONE** and **ORDERED** this 15th day of May, 2015.

_____
United States District Judge